**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENETTE COLLIER, | : | Case No. 2:23-cv-2656 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WHITEHALL POLICE | : | |
| DEPARTMENT, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Whitehall, Ohio, has filed a *pro se* civil rights complaint in this Court against defendants Whitehall Police Deparmtent, Officer Bruce Stephen, Officer Noah Fullerton, Sgt. Tanner Williams, and Chief Mike Crisp.  (Doc. 1 at PageID 5).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*  This matter is currently before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B.  Complaint

Plaintiff brings this action in connection with the alleged attack, harassment, and improper arrest of her minor daughter.  (Doc. 1 at PageID 7).  Plaintiff asserts, *verbatim*, the following claims on behalf of her daughter: "(1) Breach of Fiduciary Duties of a Police Officer, (2) Physical Harm to a Minor, (3) Assault, (4) Retaliation by Officers in a Criminal Juvenile Manner, (5) Police Misconduct and a Violation of the Code of Conduct by a Uniformed Officer." (*Id.*).

As relief, plaintiff seeks monetary damages.  (*Id.* at PageID 8).

### C.  Analysis

Plaintiff's complaint should be dismissed without prejudice for the reasons below.

As noted above, plaintiff purports to bring this action on behalf of her minor daughter.  However, a parent may not proceed *pro se* on behalf of their minor children.  As explained by the

Court in *C.W. v. Northmont City Sch. Dist. Bd. of Educ.*, No. 3:21-cv-264, 2021 WL 4321120, at

*2 (S.D. Ohio Sept. 23, 2021) (Rice, J.):

> The Sixth Circuit has explained that, "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  Thus, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."  *Id.* at 970-71; *see also Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (in case against school district and administrators for alleged 42 U.S.C. § 1983 claims, explaining that "[t]he district court properly ruled that the [parents] cannot litigate *pro se* on behalf of [their minor child]" because "[n]on-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves").  "The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015); *see also Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (the rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents") (internal quotation marks omitted); *Adams v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) ("[t]he general rule prohibiting a non-attorney parent from representing his or her minor child in federal court is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms").

*See also Bethel v. Middletown City Sch. Dist.*, Case No. 1:11-cv-206, 2011 WL 2038597, at *2

(S.D. Ohio Apr. 21, 2011) ("Mr. and Mrs. Bethel may not serve as the next friend of their own

minor children without representation by an attorney at law.") (Report and Recommendation),

*adopted,* 2011 WL 2133623 (S.D. Ohio May 20, 2011) (Dlott, J.; Litkovitz, M.J.); *Cheung v. Youth*

*Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (6th Cir. 1995) ("[A] non-attorney parent must

be represented by counsel in bringing an action on behalf of his or her child.").

As here, where claims are brought *pro se* by a non-attorney parent on behalf of a minor

child, dismissal without prejudice is proper.  *See Moses v. Gardner*, No. 15-5971, 2016 WL

9445913, at *1 (6th Cir. May 24, 2016) (holding that parents cannot appear *pro se* on behalf of

4

their minor children and that in such a case the district court should have dismissed the minor's claims without prejudice). *See also C.W.,* 2021 WL 4321120 at *2 (dismissing case without prejudice to the action being refiled by an attorney); *McCoy v. Akron Police Dept.*, No. 5:21-cv-51, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) (dismissing complaint without prejudice where parent plaintiffs sought to bring claims on behalf of their minor children without representation by an attorney).

It is therefore recommended that the complaint be dismissed without prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit

rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:  September 15, 2023                              /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE